THE STATE *vs.* ABRAHAM DECKER.

The statute (Gen. Statutes, tit. 7, ch. 2, sec. 4,) provides that every town may make by-laws to regulate fisheries within its limits, and impose penalties not exceeding twenty dollars for a breach thereof. A prior section gives a general power to towns to make regulations for their own welfare, excepting in matters of a criminal nature; and a later section provides that any person may sue for the penalty, and that, if it be not paid or an appeal taken, the person convicted may be sentenced to hard labor in the work-house of the town for thirty days. Held that the proceeding contemplated by the statute for a violation of the by law was a civil suit, and not a criminal prosecution.

GRANDJUROR'S COMPLAINT for a violation of a by-law of the town of Milford with regard to fisheries; brought before a justice of the peace, and appealed by the defendant to the Superior Court in New Haven County. Motion by the defendant to strike the case from the docket, and reservation of the question for advice. The case is fully stated in the opinion.

*I. M. Bullock,* in support of the motion.

*H. Stoddard,* contra.

CARPENTER, J. This is a prosecution for the violation of a by-law of the town of Milford relative to fisheries. The case came into the Superior Court by appeal. The defendant moved to erase the case from the docket on the ground that a criminal prosecution cannot be sustained for a violation of the by-law in question. The question arising upon that motion is reserved for the advice of this court.

It is not claimed that the defendant violated any statute

law of the state except as the by-law was authorized by statute. We will not discuss the question whether the legislature can constitutionally delegate to towns the power to legislate criminally, for a mere reference to the statute applicable to the case will be sufficient to show that they have not attempted to do so. The first section, title 7, chap. 2, of the General Statutes, provides " that towns may make such regulations for their welfare not concerning matters of a criminal nature, not repugnant to the laws of the state, as they deem expedient, and enforce them by penalties not exceeding five dollars for one breach." The second and third sections provide expressly for by-laws relating to sidewalks and birds; and the fourth authorizes the by-law in question, with power to impose a penalty not exceeding twenty dollars. The seventh section provides that " any person may sue for the penalties enacted by any by-law passed for regulating fisheries," and the eighth section provides that if any person convicted of violating any such by-law shall not appeal, nor pay, nor give bonds with sufficient surety for payment, " he may be sentenced to hard labor in the workhouse of the town in which the offense was committed, for not exceeding thirty days."

All these sections, relating as they do to the same subject matter, must be considered together. In the first place, it will be observed that matters referred to in this chapter and title are the powers of public corporations, and have no reference whatever to criminal matters. In the next place, the power to enact by-laws of a criminal nature is expressly excluded. Thirdly, the remedy provided in the seventh section is a civil remedy and not a criminal prosecution. And lastly, the provision in the eighth section allowing a commitment to the work-house is wholly inapplicable and unnecessary if a criminal prosecution will lie, and is a proceeding which may well supplement a civil proceeding.

The statute clearly contemplates a civil suit, and precludes the idea of a criminal prosecution.

We advise the Superior Court to erase the case from the docket.

In this opinion the other judges concurred.